IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASTREA DRIVER,

           Plaintiff,

      v.

PAMELA BONDI, Attorney General
of the United States; KRISTI NOEM,
United States Secretary of Homeland
Security; JOHN MODLIN, Chief of
the United States Border Patrol; UNITED
STATES OF AMERICA; and PETE R.
FLORES, Commissioner of US Customs
and Border Protection,

           Defendants.

Case No. 3:25-cv-01528-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Astrea Driver brings this case against Defendants Pamela Bondi, Kristi Noem,

John Modlin, United States of America, and Pete R. Flores. Plaintiff seeks declaratory and

injunctive relief under the Administrative Procedure Act ("APA") and the Constitution. *See*

1 – ORDER

Compl. 1, 5, ECF No. 2.[1] Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. Dismiss ("Defs.' MTD") 2, ECF No. 6. For the following reasons, the Court grants Defendants' Motion.

## BACKGROUND

On May 6, 2021, Plaintiff filed an I-485 "application to register permanent residence or adjust status" with United States Citizenship and Immigration Services ("USCIS"). Compl. ¶ 1. USCIS denied Plaintiff's I-485 application on December 13, 2023. Compl. ¶ 21; *see also* Defs.' MTD Ex. A, ECF No. 6-1 (the USCIS denial letter). On January 4, 2024, Plaintiff "submitted a Form I-290B along with a detailed brief, appealing the [USCIS's] decision." Compl. ¶ 22. Plaintiff's submission, however, was mistakenly sent to the wrong USCIS office. *Id.* ¶ 23. On January 24, 2024, having realized the mistake, Plaintiff re-submitted the I-290B to the correct USCIS office, "along with an explanation and a request that the appeal be considered on the merits." *Id.* ¶ 24. USCIS dismissed Plaintiff's I-290B as untimely on June 14, 2024. *Id.* ¶ 25; *see also* Defs.' MTD Ex. B, ECF No. 6-2 (the USCIS dismissal letter).

## STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Under Federal Rule of Civil Procedure 12(h)(3), federal courts must dismiss an action if they lack subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

///

---

[1] The Court cites to both page numbers and paragraphs from Plaintiff's Complaint. Citations to paragraphs are preceded by a paragraph symbol (¶).

2 – ORDER

**DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Defs.' MTD 2. Defendants argue that the Court lacks subject matter jurisdiction because USCIS's denial of Plaintiff's adjustment of status application is not judicially reviewable. *Id.* The Court agrees.

Under 8 U.S.C. § 1255(a), the Attorney General may, in their discretion, adjust the status of a nonimmigrant to that of a person admitted for permanent residence. "[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. § 1255]." 8 U.S.C. § 1252(a)(2)(B)(i). The Supreme Court has interpreted this jurisdiction-stripping provision as not only encompassing the "'granting of relief' but also any judgment *relating* to the granting of relief." *Patel v. Garland*, 596 U.S. 328, 339 (2022). Thus, in *Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1015 (9th Cir. 2024), the Ninth Circuit held that "§ 1252(a)(2)(B)(i) strips district courts of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status." As a result, federal courts lack jurisdiction to review denials of I-485, Applications to Register Permanent Residence or Adjust Status. *See Kiselev v. Jaddou*, No. 8:24-cv-02673-JDE, 2025 WL 1841870, at *1–2 (C.D. Cal. June 13, 2025) (dismissing the plaintiffs' complaint challenging USCIS's denial of their I-485 applications), *aff'd sub nom. Kiselev v. Edlow*, No. 25-4108, 2026 WL 918965 (9th Cir. Jan. 28, 2026); *Xia v. Bondi*, 137 F.4th 85, 93–94 (2d Cir. 2025) (affirming the district court's dismissal of the plaintiff's complaint challenging USCIS's denial of her I-485 application).

The Ninth Circuit has further stated that "§ 1252(a)(2)(B)(i) applies to *all* aspects of [a] decision regardless of whether the underlying determinations are characterized as discretionary

3 – ORDER

or factual . . . .” *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024). District courts have thus declined to review USCIS's decisions regarding I-290B motions to reopen or reconsider. *See, e.g.*, *Ferreira v. Mayorkas*, 767 F. Supp. 3d 929, 938 (N.D. Cal. 2025) (holding that the court lacked jurisdiction to review USCIS's denial of the plaintiff's “I-485 application and related I-290B motions”); *Mubanga v. Neom*, No. 2:25-cv-07086-SVW-AYP, 2026 WL 1625360, at *1–2 (C.D. Cal. June 1, 2026) (holding that the court lacked jurisdiction “to review USCIS's denials of [p]laintiffs' applications for adjustment of status and motions to reopen or reconsider” when the motions to reopen and reconsider were denied as untimely).

Here, Plaintiff challenges USCIS's dismissal of Plaintiff's untimely I-290B. Pl.'s Resp. Defs.' MTD (“Pl.'s Resp.”) 2, ECF No. 10.[2] Plaintiff argues that under the APA, USCIS must consider Plaintiff's I-290B on the merits as set forth in 8 C.F.R. §§ 103.3(a)(2)(v)(B)(2) and 103.5(a)(3). *See id.* at 2–3; *see also* Compl. ¶ 28. Plaintiff's argument, however, is contrary to law. As the Ninth Circuit has stated, district courts lack subject matter jurisdiction “to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status.” *Nakka*, 111 F.4th at 1015. Here, USCIS's dismissal of Plaintiff's I-290B was related to the denial of Plaintiff's I-485 application for adjustment of status. *See Patel*, 596 U.S. at 339. Accordingly, this Court lacks subject matter jurisdiction to review USCIS's I-290B dismissal.[3]

---

[2] Because Plaintiff's Response brief lacks page numbers, the Court refers to the ECF-generated page numbers.

[3] To the extent Plaintiff alleges a constitutional violation, *see* Compl. 1, the Court also finds it lacks subject matter jurisdiction to hear this claim, *see Naka*, 111 F.4th at 999 (“[Section] 1252(a)(2)(B)(i) and (D) channel review of her legal and *constitutional* challenges to [a denial of an application for adjustment of status] into a petition for review from a final order of removal.” (emphasis added)); *see, e.g.*, *Chen v. Higgins*, No. 6:25-cv-00156-MTK, 2025 WL 3653763, at *3 (D. Or. Dec. 17, 2025) (citing 8 U.S.C. § 1252(a)(2)(D) and finding that the court lacked

4 – ORDER

**CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss for Lack of Jurisdiction [6]. Plaintiff may file an Amended Complaint within fourteen (14) days of this Opinion & Order attempting to cure the deficiencies identified herein. Failure to file an Amended Complaint will result in this action being dismissed without prejudice.

IT IS SO ORDERED.

DATED this <u>1st</u> day of July, 2026.

<u>                </u>
AMY M. BAGGIO
United States District Judge

---

jurisdiction to review the plaintiff's constitutional claims because it was "not an 'appropriate court of appeals'").

5 – ORDER